IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RUTH HILL                                                                             PLAINTIFF

v.                              CIVIL NO. 06-5074

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Ruth Hill brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

The application for SSI presently before this court was filed on August 6, 2003, alleging an inability to work due to a severe mood disorder, chronic obstructive pulmonary disease and hypertension. (Tr. 49-51). An administrative hearing was held on December 6, 2005. (Tr. 230-251). Plaintiff was present and had a representative.

By written decision dated January 26, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 18). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry ten pounds frequently, twenty pounds occasionally; to push and/or pull the same amounts; to sit for a total of six hours in an eight-hour workday; and to stand and/or walk for a total of six hours each in an eight-hour day. From a mental standpoint, the ALJ determined plaintiff is able to perform work where interpersonal contact is routine but superficial, complexity of tasks is learned by experience with several variables and use of judgment within limits, and the supervision required is little for routine tasks but detailed for non-routine tasks. (Tr. 18). With the help of vocational expert testimony, the ALJ determined plaintiff could perform other work as an escort vehicle driver, a production assembler and a packager.

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied . (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 8, 11).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

**Discussion:**

In determining whether the ALJ properly disregarded plaintiff's subjective complaints of medication side effects including daily vomiting, diarrhea and nausea, the court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted)*,* in evaluating her credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>   2. the duration, frequency and intensity of the pain;
>   3. precipitating and aggravating factors;
>   4. dosage, effectiveness and side effects of medication;
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski*, 739 F.2d  at 1322 (emphasis in original).

However, in addition to the requirement that the ALJ consider the plaintiff's allegations of side effects, he also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit

subjective complaints that are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

When determining plaintiff maintained the RFC to perform light work, the ALJ failed to develop the evidence as to the side effects caused by plaintiff's medication. *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002). Plaintiff reported in the forms completed for the administration that her medication caused nausea, vomiting and diarrhea. (Tr. 70, 85, 90, 96, 103, 107). Plaintiff also testified at the December 2005 hearing that she experienced nausea, vomiting and diarrhea on a daily basis and that it was caused by her medication. (Tr. 238-239).

In his decision the ALJ notes a medical record dated November 3, 2003, reporting that plaintiff's nausea and vomiting were due to her continued smoking. (Tr. 157). However, on July 21, 2004, and October 13, 2005, plaintiff's treating physicians indicate that plaintiff's nausea, vomiting and diarrhea were side effects of plaintiff's medication. (Tr. 195, 219). Medical records further reveal that plaintiff was diagnosed with irritable bowel syndrome[2] in August of 2004. (Tr. 193).

Therefore, because the ALJ improperly discredited plaintiff's subjective complaints considering the impact of the side effects caused by her medications, we find that his conclusion that plaintiff is not disabled is not supported by substantial evidence in the record as a whole. Accordingly, we believe remand is necessary in order to allow the ALJ to further develop the record regarding plaintiff's medication side effects. On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski*, 739 F.2d at 1322, specifically

---

[2]The main symptoms of irritable bowel syndrome are crampy pain in the abdomen and painful diarrhea or constipation. *see* The Merck Manual of Diagnosis and Therapy 841-842 (16th ed. 1992) (Robert Berkow, M.D. et al. eds.).

discussing each *Polaski* factor in the context of plaintiff's particular case.

While on remand, we strongly suggest that ALJ address interrogatories to plaintiff's treating and/or examining physicians, including Dr. Conover, asking them to review plaintiff's medical records, complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

After considering this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)